JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Vaccaro, Esq., PA Attorney ID: 83366, 541 E. Landis Avenue,
Vineland, NJ 08360 Telephone: (215) 527-0887; Email: Vaccaroesq66@gmail.com
Andrew Z. Tapp, Esq., Metropolitan Law Group, PLLC, 1971 W. Lumsden Road, Suite 326, Brandon, FL 33511;
Telephone: (813) 228-0658; Facsimile: (813) 330-3129; Email: Andrew@Metropolitan.Law

## DEFENDANTS

UNITED STATES OF AMERICA

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. Section 2023 and 7 C.F.R. Section 278.6
Brief description of cause:
Disqualification from SNAP

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   01/13/2026

SIGNATURE OF ATTORNEY OF RECORD   /s/ Joseph Vaccaro

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 7923 Bustleton Ave., Philadelphia, PA 19152-3302 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify):* Disqualification from SNAP

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**ZAMZAM HALAL MARKET, LLC,** a
Pennsylvania Limited Liability Company,

        Plaintiff,

   v.

**UNITED STATES OF AMERICA,**

        Defendant.

**CASE NO.**

**<u>COMPLAINT</u>**

The Plaintiff, ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, by and through its undersigned counsel, hereby files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

<u>**FACTUAL BACKGROUND**</u>

1.    The Plaintiff is a retail food store in Philadelphia, Pennsylvania, named ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY (hereinafter "Zamzam Halal"). The store is dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2.    Located in Philadelphia, Pennsylvania, Zamzam Halal serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3.    Accordingly, Zamzam Halal began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its appeal to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue, as they conduct significant non-

SNAP transactions as well for ineligible items.

4.    On May 19, 2025, the USDA, through the FNS, issued a Charge Letter to the Plaintiff wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiff from the program.

5.    The Plaintiff denied the allegations and presented a defense against disqualification, but in a letter dated August 4, 2025, the Agency issued a six-month disqualification of the Plaintiff.

6.    Accordingly, on August 4, 2025, the Plaintiff timely filed for an Administrative Review of the Department's decision to disqualify them for six months, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position.  The Plaintiff took issue not only with the evidence that any violations of SNAP retailer policies had occurred, but also with whether or not they were neglectful or careless in their operation of the store and oversight of the employees.

7.    The Administrative Review Division of the USDA responded to the Plaintiff's appeal in a letter and opinion dated December 18, 2025, which was received on the same date. The USDA's Final Agency Decision is attached as Exhibit "A." The Plaintiff's administrative appeal was denied.

8.    This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiff for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

9.    The Plaintiff brings this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C.

§§ 2011 – 2036(c).

10.    This Honorable Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7.  Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11.    Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Philadelphia, Philadelphia County, Pennsylvania and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

12.    The Plaintiff, ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, operates at 7923 Bustleton Ave., Philadelphia, PA 19152-3302.  ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, is referred to herein as "Zamzam Halal" and as "Plaintiff."

13.    The Defendant, the UNITED STATES OF AMERICA, acting through its Agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

14.    The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

15.    The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements.  SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household.  These benefits are transmitted to, and utilized by the participant through an Electronic Benefits Transfer (EBT) card, which conceptually functions similarly to a debit card.

16.    The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as Zamzam Halal.

<u>**SNAP VIOLATION REGULATIONS AND POLICIES**</u>

17.    SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are.   In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

18.    The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

19.    In this instant action, the Defendant has alleged that the Plaintiff committed transactions that amount to the selling of ineligible common non-food items (also referred to as

"minor ineligible items") in EBT transactions.  Such allegations were based upon unsworn statements of an unidentified investigator.

20.    In all, the Charge Letter claims that the Plaintiff allegedly sold different ineligible items[1] to the Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture.

21.    Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

22.    The store, in fact, did oversee its employees and provide SNAP training. At no time was the store owner or manager neglectful or careless in the operation of the store.

23.    As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

### ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES

24.    With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty.  As noted by the District of Oregon in *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

25.    Nevertheless, it appears that the Agency did not evaluate that option in this matter,

---

[1] Albeit on different occasions.

nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

26.    The Plaintiff respectfully incorporates and restates each and every paragraph set forth above as though fully set forth herein.

27.    The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, has the right to and hereby does, respectfully request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiff.

28.    The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiff has committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

29.    The store denies that the transactions occurred as described by the Agency.

30.    Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

31.    The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

32.    Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect.  The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

33.    Both the finding of a sale of ineligible items and that such sale was the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

34.     Furthermore, the Plaintiff has never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

35.     As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

36.     Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiff's status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiff, ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney fees and costs incurred in this action.

## COUNT II: ARBITRARY AND CAPRICIOUS SANCTION

37.     The Plaintiff hereby incorporates and restates the above-numbered paragraphs as though more fully set forth herein.

38.     The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

39.     The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

40.     In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff, which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

41.     As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiff, ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, respectfully request this Honorable Court set aside the Defendant's suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff attorney fees and costs incurred in this action.

### COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY

42.     The Plaintiff hereby respectfully incorporates and restates the above-numbered paragraphs as though set forth more fully at length herein.

43.     The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of Zamzam Halal's ability to accept EBT.

44.     The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

45.     Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently.  *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

46.     As such, the Plaintiff respectfully requests that this Honorable Court review its

request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in Count I of this Complaint.

      **WHEREFORE**, the Plaintiff, ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiff attorney fees and costs incurred in this action.

      This matter has been respectfully submitted to the Court by the undersigned attorneys and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated:  January 13, 2026

Respectfully submitted,

**_Joseph Vaccaro_**

JOSEPH VACCARO, Esq.
PA Attorney ID: 83366
541 E. LANDIS AVENUE
     VINELAND, NJ 08360
Telephone:     (215) 527-0887
Email:  VACCAROESQ66@GMAIL.COM

-and-

**METROPOLITAN LAW GROUP, PLLC**

_/s/ Andrew Z. Tapp_

ANDREW Z. TAPP, ESQ.
Florida Bar No.: 68002
_Pro Hac Vice_[2]
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:  (813) 228-0658
Facsimile:  (813) 330-3129
Email:  Andrew@Metropolitan.Law
     LaJeana@Metropolitan.Law
(Motion for Admission Pro Hac Vice Imminent)
**COUNSEL FOR PLAINTIFF**

---

[2] Motion for Admission Pro Hac Vice To be filed.

Page **10** of **10**

**Exhibit A**

**United States Department of Agriculture**



Food and Nutrition Service

Supplemental Nutrition Assistance Program

Retailer Policy Division

Administrative and Judicial Review Branch

1320 Braddock Place, 5th Floor, Alexandria, VA 22314

David.shively@usda.gov

December 18, 2025

Andrew Tapp, ESQ
Metropolitan Law Group
1971 W. Lumsden RD
Suite 326
Brandon, FL 33511

RE: Case Number - C0291452
Zamzam Halal Market LLC
7923 Bustleton Ave
Philadelphia, PA 19152-3302

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) in response to your request for an administrative review dated August 4, 2025. Also included therein is a statement regarding your rights to a judicial review.

It is the final decision of the USDA that a six-month disqualification from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Zamzam Halal Market LLC by FNS's Retailer Operations Division.

Sincerely,

DAVID A. SHIVELY
Administrative Review Officer

Enclosure

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

| | |
|---|---|
| **Zamzam Halal Market LLC,** | |
| **Appellant,** | |
| **v.** | **Case Number: C0291452** |
| **Retailer Operations Division,** | |
| **Respondent.** | |

## FINAL AGENCY DECISION

It is the decision of the United States Department of Agriculture (USDA) that there is sufficient evidence to support a finding that a six-month disqualification of Zamzam Halal Market LLC (Appellant) from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP), as initially imposed by the Retailer Operations Division, was appropriate.

## ISSUE

The issue accepted for review is whether the Retailer Operations Division took appropriate action, consistent with 7 CFR § 278.6(f)(1) and 7 CFR § 278.6(a) and (e)(5) in its administration of the SNAP, when it imposed a six-month period of disqualification against Appellant.

## AUTHORITY

7 USC § 2023 and the implementing regulations at 7 CFR § 279.1 provide that "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA investigated the compliance of Appellant with federal SNAP law and regulations during the period of March 19, 2025, through March 27, 2025. The investigative report documented personnel at Appellant's firm accepted SNAP benefits in exchange for ineligible merchandise on four separate occasions. As a result of evidence compiled during this investigation, by letter dated May 19, 2025, the Retailer Operations Division charged ownership with violating the terms and conditions of the SNAP regulations at 7 CFR § 278.2(a) and noted the violations warranted a six-month disqualification period. The letter also stated that Appellant was not eligible to pay a Hardship Civil Money Penalty (CMP) because FNS determined that the

1

disqualification would not cause a hardship. The record indicates that Appellant, through counsel, responded to the charge letter on June 26, 2025.

After re-considering the evidence and Appellant's response, the Retailer Operations Division notified Appellant in a letter dated August 4, 2025, that the violations cited in the charge letter occurred at the firm and that a six-month period of disqualification was warranted.

By email dated August 4, 2025, Appellant, through counsel, requested an administrative review of the Retailer Operations Division's determination. The request was granted, and implementation of the disqualification has been held in abeyance pending completion of this review.

## STANDARD OF REVIEW

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 USC § 2021 and § 278 of Title 7 of the Code of Federal Regulations (CFR). Sections 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

7 CFR § 278.6(a) states, inter alia:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . .

Section 278.6(e)(5) of the SNAP regulations states, in part, that a firm is to be disqualified for six months:

> [I]f it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

In addition, 7 CFR § 278.6(f)(1) provides for civil money penalty (CMP) assessments in lieu of disqualification in cases where disqualification would cause "hardship" to SNAP households benefit because of the unavailability of a comparable participating food store in the area to meet their shopping needs. It reads:

FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to SNAP households benefit because there is no other authorized retail food store in the area selling as large a variety of staple food items.

## SUMMARY OF CHARGES

During an investigation conducted between March 19, 2025, through March 27, 2025, an investigator conducted four compliance visits at Appellant's firm. A report of the investigation dated April 15, 2025, was provided to Appellant as an attachment to the charge letter. The investigation report included Exhibits A through D, which provides full details on the results of each compliance visit. The investigation report documents that SNAP violations were recorded during each of the compliance visits and involved the sale of a beauty bar, liquid soap, Vaseline, deodorant, plastic wrap, and shaving cream. Upon review, the evidence indicates that Appellant established a record of selling non-food items, as defined by Section 271.2 of the regulations, on multiple occasions as noted in Exhibits A, B, C, and D, furnished with the charge letter.

## APPELLANT'S CONTENTIONS

Appellant, through counsel, made the following summarized contentions, in relevant part:

- Deprival of FOIA is a violation of the regulations.
- The first element necessary to support a term disqualification is the presence of a violation of the provisions of the regulations. For our purposes, we are discussing the sale of an ineligible item, so the pertinent regulation is 7 C.F.R. §278.2(a).
- If it is determined that the retailer did in fact exchange SNAP benefits for ineligible items, the regulations instruct FNS to consider other factors before proceeding to sanction the subject firm.
- It is clear that intent is a core component of determining whether a sanction is warranted.
- The other two elements, the nature and scope of the violations, and prior action taken by FNS to warn the firm, are necessary for you to consider as well. To the extent that the violations were de minimus, or at least not significant, and the scope of such violations reasonably appears limited, the plain language would indicate that a sanction may not be appropriate.
- The regulation does not require omniscience or omnipresence on the part of the owner or manager – nor should it. It can always be said that one more precaution could have avoided some problem that had arisen, as retrospective criticism is always ready to point out. However, perfection is not required by the rule. The standard is that the transactions must have been the result of carelessness or poor supervision – i.e. something less than normal supervision with some mindful attempt to avoid violations.
- Given the fact that it is FNS's burden of proof, at least initially, at the administrative phase, that means that a disqualification must be based upon evidence of the violative sales, and then evidence of carelessness or neglect on the part of ownership or management. If the clerk is careless and fails to separate items because he/she is

distracted, that is not the ownership or management's neglect or carelessness – it is the clerk's.

- Appellant cites administrative case law.
- Appellant cites judicial case law.
- If there is evidence to indicate that the transactions occurred as described by the investigator, then the analysis of the evidence from both the investigator and the retailer must be conducted.
- To this end, this Section should not merely accept the allegations of an investigator as patently true – there must be something more than just a description of the transaction.
- Items that appear in the investigator's pictures should also appear in the Store Visit Report (SVR) – especially if the store visit occurred within a matter of months from the investigation.  Furthermore, the item pricing (in the event it is not identified by the receipt) should be consistent with the pricing shown in the SVR, assuming there is one. In the event the pricing is not consistent between the Transaction Report and the SVR, and the receipt does not indicate such pricing information, the Transaction Report should be disregarded
- There was no prior notice sent to my client by FNS to indicate that violations had occurred. If there was, FNS would not be seeking a six-month term disqualification (as it only qualifies where prior notice has not been sent). So, from the outset there is no indication that the store ownership or management had any notice that alleged violations were occurring in SNAP transactions at the Store.
- The scope of the alleged violations are severely limited with a de minimus aggregate value of ineligibles allegedly being sold to the investigator.
- Given the fact that FNS bears the burden at this stage of the case, the necessary analysis pursuant to 7 C.F.R. §278.6(d) must be satisfied before a disqualification could be considered.  Of the three regulatory elements necessary for consideration (prior notice, scope of violations, and intent), all indicate that a sanction is not appropriate.  FNS's evidence lacks detailed specifics, corroborating evidentiary support, and other information that would speak to intent, coupled with the absence of notice and the limited scope, indicates that this case should be treated exceptionally lightly.
- Furthermore, there is no evidence demonstrating that the store's ownership or management were careless or exercised poor oversight of the store or its employees.
- In the instant case, the issuance of a warning letter is more consistent with the circumstances presented in this case, the considerations under 7 C.F.R. §278.6(d), and the requirements set out in 7 C.F.R. §278.6(e)(5) for a greater sanction of disqualification.
- Appellant requests a warning letter.

The preceding may represent only a summary of the Appellant's contentions presented in this matter. However, in reaching a decision, full attention and consideration has been given to all contentions presented, including any not specifically recapitulated or specifically referenced.

## ANALYSIS AND FINDINGS

This purpose of this review is to either validate or to invalidate the determination made by the Retailer Operations Division; it is limited to the facts at the basis of the Retailer Operations Division's determination at the time it was made.

4

The charges of violations are based on the findings of a formal USDA investigation conducted of the compliance of Appellant with Federal SNAP law and regulations. Investigators are trained thoroughly before entering any retail establishment and all protocols, including but not limited to what can and cannot be said. Investigators sign, under penalty of perjury, that investigative reports are true and correct. The investigators in these cases are licensed by the states and on top of being prosecuted for perjury, can lose their jobs and their licenses giving them no incentive to fabricate the information contained in the Reports of Investigation.

All transactions are fully documented, and a complete review of this documentation has yielded no known error or discrepancy in the reported findings. The investigation report is specific and thorough with regard to the dates of the violations, the specific facts related thereto, and is supported by documentation that confirms specific details of the transactions. The documentation on record includes EBT receipts and photos showing that 7 ineligible nonfood items, and 7 eligible food items were purchased with SNAP benefits by the investigator. Also on record is documentation that confirms that the ineligible nonfood items and the eligible food items were donated to and signed for by a charitable organization following the transaction. Such documentation includes the signature and title of the official of the charitable organization accepting the donated item, the name and address of the organization, the date the donation was made, and the official's initials next to the items donated. Moreover, the total purchase costs of each of the transactions involved in the investigation is documented on SNAP terminal receipts obtained during each transaction and matches the reported purchase totals indicated in the investigation report.

The FNS investigative report documents by a preponderance of the evidence that an employee working at the Appellant firm accepted SNAP benefits for ineligible nonfood items on four separate occasions during the investigative period indicating an ongoing pattern of SNAP violations as defined by Section 271.2 of the SNAP regulations. The investigation report documents by a preponderance of the evidence that the store employees engaged in the misuse of SNAP benefits noted in Exhibits A, B, C, and D, warranting a disqualification as a SNAP retail food store for a period of six months.

Appellant contends that the failure to hold the case in abatement pending a FOIA response is a violation of 7 CFR § 278.6(b)(1). However, a final rule published on August 26, 2020, amended SNAP regulations to ensure that the FOIA process could no longer be used to delay administrative actions to sanction a retail food store for SNAP violations. 7 CFR § 278.6, Disqualification of retail food stores… and imposition of civil money penalties in lieu of disqualifications states in part, "(p) *Freedom of Information Act (FOIA) requests and appeals.* A FOIA request or appeal for records shall not delay or prohibit FNS from making a determination regarding disqualification or penalty against a firm under paragraphs (c) and (d) of this section, or delay the effective date of a disqualification or penalty listed in paragraph (e) of this section." Under this rule, FNS processes FOIA requests and FOIA appeals separately from administrative actions against SNAP retailers. Therefore, a FOIA request or appeal for records, does not delay or prohibit FNS from making a determination regarding disqualification or penalty against a firm.

5

As stated above, in an appeal of an adverse action, the Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means the Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue. This review finds that Appellant has presented no evidence to prove that the transactions did not occur.

On appeal, the Appellant contends that the violations were minor in nature and too limited to warrant a disqualification. Therefore, a warning letter should be issued in lieu of SNAP disqualification. However, neither the Food and Nutrition Act of 2008, as amended, nor the regulations issued pursuant thereto cite any minimum dollar amount of SNAP benefits for transactions involving the sale of ineligible items to be defined as violative. No mention of minimum cost or types of ineligibles is cited in Section 278.6(e)(5) of the SNAP regulations, which states that FNS shall disqualify a store for six months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items in exchange for SNAP benefits due to carelessness by store employees or poor supervision by the firm's ownership or management. The applicable regulations also do not specify intent as being a required element for a six-month disqualification although the evidence in this matter indicates that the clerk intended to sell ineligible items.

The Appellant also states that there is no evidence showing that the alleged sales of common nonfood items was due to carelessness or poor supervision by the store's ownership or management. However, had an effective compliance policy and program been in effect at the firm, it is unlikely that the employee(s) would have made such obvious mistakes. The investigation report shows each time that nonfood violations were attempted, store personnel permitted them. It must also be pointed out that these violations were committed four separate times by two separate employees which brings into question the adequacy of the training program. Repeatedly entrusting unsupervised, inexperienced, and/or untrained clerk(s) to handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision. Accordingly, the Retailer Operations Division attributed the violations to "carelessness, or poor supervision by the firm's ownership or management," pursuant to 7 CFR § 278.6(e)(5) of the SNAP regulations, which results in a disqualification of six months.

With regard to the Appellant's contentions that the owner was not given prior notice by FNS that violations were occurring, 7 CFR § 278.6(d)(2) & (3) of the SNAP regulations provides that "The FNS office making a disqualification or penalty determination . . . shall consider . . . any prior action . . . to warn the firm about the possibility that violations are occurring . . .". The citation simply requires FNS to consider any prior warnings when determining a sanction. It does not require FNS to give such warnings.

As to the prior Final Agency Decisions cited by Appellant, this administrative review decision is based on the specific circumstances of this case as documented by the materials provided by Appellant and the Retailer Operations Division. This administrative review decision does not establish policy or supersede Federal law or regulations. The determination in this case conforms

to SNAP regulations and is consistent with sanctions imposed upon other retailers that have committed similar violations

Similarly, as to the case law cited by Appellant, it is beyond the scope and authority of this review to determine the applicability of same. This review is limited to consideration of whether or not the Retailer Operations Division duly adhered to the Food and Nutrition Act of 2008, as amended, and the implementing regulations, and whether or not the action taken is sustainable by a preponderance of the evidence. Therefore, the application of any judicial precedent is better addressed via judicial review. Accordingly, no further findings or conclusions are rendered in this regard.

7 CFR § 278.6(f)(1) reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The Retailer Operations Division determined that there are 36 authorized stores located within a mile radius of Appellant, to include superstores, which offer equal if not larger varieties of staple foods than Appellant. Thus, the Retailer Operations Division determined that a hardship CMP would not be appropriate. After review, this opinion agrees with that determination.

## CONCLUSION

The determination by the Retailer Operations Division to impose a six-month disqualification against Zamzam Halal Market LLC from participating as an authorized retailer in SNAP is sustained. In accordance with the Food and Nutrition Act, and the regulations, this penalty shall become effective 30 days after delivery of this letter. A new application for participation in SNAP may be submitted ten days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNS has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

David A. Shively                                        December 18, 2025
Administrative Review Officer

7

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, | ) ) ) ) ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) ) | Civil Action No. |
| UNITED STATES OF AMERICA, | ) ) ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   UNITED STATES OF AMERICA C/O
UNITED STATES DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITION SERVICES
1320 BRADDOCK PLACE, 5TH FLOOR
ALEXANDRIA, VA 22314


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph Vaccaro, Esq.          Andrew Z. Tapp, Esq.
PA Attorney ID: 83366         Florida Bar Number:  68002
541 E. Landis Avenue          Pro Hac Vice
Vineland, NJ 08360            Metropolitan Law Group, PLLC
Telephone:  (215) 527-0887    1971 W. Lumsden Road, #326
Email:  Vaccaroesq66@gmail.com  Brandon, Florida 33511-8820
                              Telephone:  (813) 228-0658
                              Fax:  (813) 330-3129
                              Email: Andrew@Metropolitan.law

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, <br><br> *Plaintiff(s)* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    UNITED STATES OF AMERICA C/O
CIVIL PROCESS CLERK
U.S. ATTORNEY'S OFFICE-EASTERN DISTRICT OF PENNSYLVANIA
615 CHESTNUT STREET, SUITE 1250
PHILADELPHIA, PA 19106

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph Vaccaro, Esq.          Andrew Z. Tapp, Esq.
PA Attorney ID: 83366       Florida Bar Number:  68002
541 E. Landis Avenue         Pro Hac Vice
Vineland, NJ 08360           Metropolitan Law Group, PLLC
Telephone:  (215) 527-0887     1971 W. Lumsden Road, #326
Email:  Vaccaroesq66@gmail.com  Brandon, Florida 33511-8820
                             Telephone:  (813) 228-0658
                             Fax:  (813) 330-3129
                             Email: Andrew@Metropolitan.law

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                  _____

                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                                        *Server's signature*

                                                                        _____
                                                                        *Printed name and title*

                                                                        _____
                                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ZAMZAM HALAL MARKET, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, <br> *Plaintiff(s)* <br> v. <br> <br> UNITED STATES OF AMERICA, <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     UNITED STATES OF AMERICA C/O
ATTORNEY GENERAL OF THE UNITED STATES
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE., NW
WASHINGTON, DC 02530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph Vaccaro, Esq.                    Andrew Z. Tapp, Esq.
PA Attorney ID: 83366                   Florida Bar Number:  68002
541 E. Landis Avenue                    Pro Hac Vice
Vineland, NJ 08360                      Metropolitan Law Group, PLLC
Telephone:  (215) 527-0887             1971 W. Lumsden Road, #326
Email:  Vaccaroesq66@gmail.com         Brandon, Florida 33511-8820
                                        Telephone:  (813) 228-0658
                                        Fax:  (813) 330-3129
                                        Email: Andrew@Metropolitan.law

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: